NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAOXUE HUANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   16-70040

Agency No. A201-192-229

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**
Pasadena, California

Before:  OWENS and MILLER, Circuit Judges, and CHRISTENSEN,*** District Judge.

Xiaoxue Huang, a native and citizen of China, petitions this court for review

of the Board of Immigration Appeals' ("BIA") decision affirming the immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

judge's ("IJ") denial of his application for asylum and withholding of removal. "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. Reviewing the BIA's adverse credibility determination for "substantial evidence," *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016), we deny the petition for review.[1]

Considering the "totality of the circumstances" and "all relevant factors," 8 U.S.C. § 1158(b)(1)(B)(iii), substantial evidence supports the BIA's conclusion that Huang's application was not credible. First, as the BIA correctly noted, there are inconsistencies between Huang's testimony and supporting documents regarding whether and when he moved to a new address in China. His asylum application indicates that he lived at the same address between December 1967, when he was born, and November 2010, when he traveled to the United States. Yet, Huang admitted in his brief to the BIA that he changed address in June 2010.

---

[1] Huang does not address the BIA's conclusion that he waived any challenge to the IJ's denial of his claim for protection under the Convention Against Torture. Accordingly, only Huang's requests for asylum and withholding of removal are at issue on appeal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (noting that matters not specifically and distinctly argued in the opening brief are waived).

And both stories are inconsistent with his somewhat tentative statement at the merits hearing that he moved around 2008.

Second, the BIA presented several valid reasons to question the reliability of Huang's household registry and his Chinese National ID Card. The household registry was incomplete, because several lines, including Huang's religious belief and his address, were not translated to English. The household registry also listed Huang's ethnic group as "Han," while the ID card listed his ethnic group as "Korean." Huang makes no attempt to explain this discrepancy.

Finally, the BIA correctly found that Huang's testimony was nonresponsive and inconsistent when confronted with omissions in his supporting medical record and in his asylum statement. Specifically, Huang had no coherent explanation for why his hospital certificate failed to specify what treatments he received or why his asylum statement failed to mention that Bibles were confiscated.

Contrary to Huang's arguments on appeal, these inconsistencies and omissions need not go to the heart of Huang's claim. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) ("Under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination."). The cases he cites to the contrary precede (and are overridden by) the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005). The sheer amount of unexplained or inadequately explained

3

inconsistencies and omissions, together, are substantial evidence that Huang's claims are not credible.

These inconsistencies and omissions, in any event, were not minor. Since the setting of Huang's church meeting and subsequent arrest was his "old house," and he claims to have agreed to host church meetings because this *extra* home was available, a consistent account of when and to where he changed his residence was key to evaluating the veracity of his story. *Cf. Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam) ("We have recognized that an IJ may rely upon an inconsistency in a 'crucial date' concerning 'the very event upon which [a petitioner] predicated his claim for asylum.'" (citation omitted)).

Moreover, the medical treatment he received and the mention (or lack thereof) of confiscated Bibles in his asylum statement were at the center of his claim of religious persecution. *Cf. Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). On this record, it cannot be said that "any reasonable adjudicator would be compelled" to find Huang's claims credible. *Bhattarai*, 835 F.3d at 1042 (citation omitted).

**PETITION FOR REVIEW DENIED.**

4